644 A.2d 721

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kevin Donald MORRIS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1994.

Decided July 1, 1994.

Jeanette Dickerson, Hatboro, for K. Morris.

Mary MacNeil Killinger, Patricia E. Coonahan, Norristown, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

MONTEMURO, Justice.

This is an appeal, by allowance, from a memorandum decision of the Superior Court which affirmed a judgment of sentence entered in the Court of Common Pleas of Montgomery County. In bringing this appeal, appellant, Kevin Donald Morris, alleges the Superior Court erred in upholding the trial court's denial of appellant's motion to suppress evidence seized from the passenger compartment of appellant's vehicle in the course of a protective search for weapons. We now affirm the order of the Superior Court.

On May 8, 1990, at approximately 10:30 p.m., Officer Frederick Benincasa, Jr. of the Cheltenham Township Police was on patrol in a marked police car in a residential area of Cheltenham Township. During the course of this patrol, Officer Benincasa came upon appellant's car parked along a

curb near a stop sign at an intersection. It was in a location where parking was legal, but where vehicles were not commonly parked. The officer stopped nearby to observe. Another car arrived and parked across the street from appellant's car. It's driver began to alight but saw the police car and drove away. Appellant also drove away. He soon made a turn without using his turn signal, however, and was immediately stopped by the officer.

As Officer Benincasa approached the door of appellant's car, appellant leaned briefly to his right and towards the floor near the center of the car. Benincasa told appellant to place his hands on the steering wheel. Appellant, however, did not obey. He moved his hands close to the steering wheel but then reached quickly between his legs towards the driver's side floor. Benincasa then ordered appellant to exit from the car. Appellant complied. While the driver's door was open, the officer noticed a metal pipe approximately twenty-four inches in length and one inch in diameter, wedged between the driver's seat and the door. The officer then directed appellant to go to the rear of the car and place his hands on the trunk lid. Appellant again complied. A pat-down search was conducted, but no weapons were found.

Officer Benincasa then performed a cursory search of the vehicle's passenger compartment with his flashlight.[1] This search revealed a black plastic bag with the word "Panasonic" on it on the front passenger's seat of the vehicle. The bag was large enough to contain a weapon. Upon opening the bag, Benincasa found cocaine, marijuana and related drug paraphernalia. Appellant was then arrested.

Prior to trial appellant filed a motion to suppress the evidence obtained from the bag. The motion, however, was denied and the case proceeded to a bench trial before the Honorable Bernard Moore. At the close of the evidence, Judge Moore found appellant guilty of possession with intent to deliver cocaine and simple possession of marijuana. Appel-

---

1. This search also included the officer's observing a car phone at the center of the front floor area of the car and using a flashlight to glance under the front seats on the driver's and passenger's sides of the vehicle.

lant was subsequently sentenced to 4½ to 10 years imprisonment with a consecutive year of probation.

Appellant next appealed to the Superior Court, which affirmed his judgment of sentence. A petition for reargument/reconsideration was denied. We subsequently granted allocatur to determine whether the evidence in question was properly admitted.

■ It is well established that our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. *Commonwealth v. Cortez,* 507 Pa. 529, 532, 491 A.2d 111, 112, *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985)

In *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the U.S. Supreme Court set forth the standard under which the police may conduct a search of the passenger compartment of a vehicle for weapons. *Long* arose from an incident in which the police conducted a warrantless search for weapons in the passenger compartment of the defendant's vehicle which revealed marijuana in an open pouch on the front seat of the car. This search had occurred after the officers had patted down the defendant when they noticed a large hunting knife on the floor board of the defendant's vehicle. Prior to this time, the defendant had "appeared to be under the influence of something," and had been unresponsive to the officer's requests to see the defendant's license and registration. The court subsequently upheld the search. In reaching this decision, the court concluded that under the rationale of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer could conduct a warrantless search of those portions of the passenger compartment of a vehicle in which a weapon could be hidden when the circumstances were such that "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or the safety of others was in danger," so long as this belief was based on specific articulable facts. As stated by the Court,

[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. *See Terry [v. Ohio]*, 392 U.S. at 21 [88 S.Ct. at 1879]. "the issue is whether a reasonably prudent man would be warranted in the belief that his safety or that of others was in danger." *Id.*, at 27 [88 S.Ct. at 1883].

*Michigan v. Long*, 463 U.S. at 1049–1050, 103 S.Ct. at 3481.

 A review of the record reveals that under the circumstances encountered by Officer Benincasa on May 8, 1990, a reasonably prudent man would have believed his safety was compromised.[2] Appellant's leaning briefly to his right and towards the floor near the center of the car when he was stopped by the officer, as well as appellant's reaching quickly between his legs when he was ordered to place his hands on the steering wheel were acts consistent with an attempt either to conceal or reach for a weapon. In addition, the officer's discovery of a metal pipe wedged between the driver's seat and the door would tend to indicate that appellant might have access to other weapons in the passenger compartment.

**2.** Appellant asserts that the proper standard under which the officer's actions are to be judged in the present case is whether the officer had probable cause to believe that appellant was committing a crime or was in possession of a weapon. In support of this proposition, appellant cites the holdings of the U.S. Supreme Court in *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981); *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), as well as our holding in *Commonwealth v. Dussell*, 439 Pa. 392, 266 A.2d 659 (1970). These cases, however, are easily distinguished for they deal with the search of an entire vehicle for contraband. The instant case does not concern such a search, but rather, deals with a limited search for weapons. Thus, it clearly falls under the purview of *Michigan v. Long* which merely requires a reasonable suspicion to conduct such a search.

█ Under *Long,* such a reasonable belief based on specific articulable actions taken by appellant (i.e. specific articulable facts) entitles an officer to conduct a search of those portions of the passenger compartment of a suspect's vehicle in which a weapon could be placed. Thus, the bag in question was properly searched since it was large enough to hold a weapon. Indeed, had Officer Benincasa allowed appellant to return to his vehicle without searching the bag in question, he would have been taking a grave risk that appellant would remove a weapon from the bag and use it. Our constitutional safeguards do not require an officer to gamble with his life. Thus, the search in question did not violate appellant's right against unreasonable searches under the Fourth Amendment of the U.S. Constitution or Article I, § 8 of the Pennsylvania Constitution.[3] The order of the Superior Court is affirmed.

FLAHERTY, J., files a Dissenting Opinion in which ZAPPALA and CAPPY, JJ., join.

MONTEMURO, J. is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of ROLF LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

FLAHERTY, Justice, dissenting.

I dissent. It is common knowledge that roadside encounters between police and occupants of vehicles have a particular

---

3. Appellant asserts, that even if under *Michigan v. Long* the search in question does not violate the Fourth Amendment, he is nonetheless entitled to relief on the ground that the search in question constituted a violation of his rights under Article I, § 8 of the Pennsylvania Constitution. We have long recognized that the limited frisk for weapons permitted under *Terry v. Ohio* is likewise permissible under the Pennsylvania Constitution. *See Commonwealth v. Rodriguez,* 532 Pa. 62, 71, 614 A.2d 1378, 1382 (1992); *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969). Since *Michigan v. Long* is based on *Terry* 's rationale of protecting an officer's safety by permitting a limited search for weapons when the officer has a reasonable and articulable suspicion that a suspect may have access to a weapon, we hold that *Long* 's reasoning is also applicable to Article I, § 8. Thus, appellant is not entitled to relief on state constitutional grounds.

potential to be hazardous, in that danger may arise from the presence of weapons in the vehicles. Consistent with the Fourth Amendment guarantee against unreasonable searches and seizures, a police officer can, to protect his own safety, order the driver to alight from a vehicle that has been stopped for a routine traffic offense. *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). The mere fact that a vehicle has been stopped for a traffic offense does not, however, entitle the police to conduct a search of the vehicle and its occupants. *Commonwealth v. Dussell*, 439 Pa. 392, 266 A.2d 659 (1970). Accord *Commonwealth v. Lopez*, 415 Pa.Super. 252, 609 A.2d 177 (1992), appeal denied, 533 Pa. 598, 617 A.2d 1273 (1992).

We have long recognized that there are limited circumstances where police, having made a legitimate stop of a vehicle, can undertake a protective search to ensure that there are no weapons available to the vehicle occupants. In *Commonwealth v. Lewis*, 442 Pa. 98, 101, 275 A.2d 51, 52 (1971), we stated:

> To justify ... a [warrantless] search ..., an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, *or the officer must have a basis for believing that* evidence of a crime is concealed within the vehicle, or that *there are weapons therein which are accessible to the occupants.*

(Emphasis added). Accord *Commonwealth v. Milyak*, 508 Pa. 2, 8, 493 A.2d 1346, 1349 (1985); *Commonwealth v. Shaffer*, 447 Pa. 91, 104, 288 A.2d 727, 735 (1972), cert. denied, 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972).

In *Michigan v. Long*, 463 U.S. 1032, 1049–50, 103 S.Ct. 3469, 3480–3481, 77 L.Ed.2d 1201, 1220 (1983), the Supreme Court of the United States defined the basis on which, consistent with the Fourth Amendment, police who have made a legitimate stop of a vehicle may conduct a limited search of the vehicle's passenger compartment to determine whether weapons are present:

[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. See *Terry [v. Ohio]*, 392 U.S. at 21, 20 L.Ed.2d 889, 88 S.Ct. 1868 [at 1879]....

(Footnote omitted).

A mere stop of a motorist for a traffic offense does not, without more, provide a basis for a search of the vehicle and its occupants. *Commonwealth v. Dussell*, supra; *Commonwealth v. Lopez*, supra. The very limited search permitted under *Michigan v. Long* provides, however, a reasonable measure of protection for police officers in situations where there is not probable cause to support a more thorough search of the vehicle pursuant to *Commonwealth v. Lewis*, supra. Further, it has been suggested that *Lewis* could be read as allowing a weapons search to occur in the absence of probable cause whenever there is *any* basis for an officer's belief that weapons are present. *Michigan v. Long* clearly limits *Lewis* in that regard.

In determining whether any given protective search of a vehicle was justified, the issue is whether " 'a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' " *Michigan v. Long*, 463 U.S. at 1050, 103 S.Ct. at 3481, 77 L.Ed.2d at 1220 (quoting *Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909). Further, "[i]f, while conducting a legitimate *Terry* search of the interior of the automobile, the officer should ... discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression...." *Michigan v. Long*, 463 U.S. at 1050, 103 S.Ct. at 3481, 77 L.Ed.2d at 1220.

Applying the standard set forth in *Michigan v. Long* to the present case does not, however, support the conclusion of the trial court that the search of appellant's bag was justified. When the officer opened the bag and searched through its contents, there were not facts that would reasonably have warranted him in believing that appellant was dangerous and that appellant might gain immediate control of weapons.

Although the observations made by the officer may have instilled in him a degree of suspicion or curiosity about appellant's activities, mere suspicion or curiosity is not a substitute for the specific and articulable facts needed to support a search for weapons. Most of the officer's observations concerned matters that presaged absolutely no danger, for example, that appellant was parked legally on a residential street, that another car parked nearby and drove away, that appellant failed to use his turn signal, that appellant was wearing a pager beeper, etc. Indeed, the only factors that could arguably have portended any danger were appellant's disobedience of the instruction to place his hands on the steering wheel, coupled with the sudden movement of his hands towards the floor beneath the driver's seat, and the unexplained presence of the metal pipe between the seat and the door.

Before the bag was searched, however, the officer completed a pat-down search of appellant and found nothing of a suspicious nature. He also glanced under the driver's seat and determined that no weapons were present there, such being the area where appellant had suddenly reached in disobedience of the officer's initial directive to place his hands on the steering wheel. Regardless of whether the pat-down search and the glance under the seat were justified, it is clear that the search of the bag was not. If the officer initially believed that appellant was dangerous and had access to weapons, that concern should certainly have dissipated when the pat-down search and the glance under the driver's seat revealed nothing of significance. In short, the situation did not reasonably warrant the officer in believing that a search of the bag was necessary to protect his safety.

426

The trial court erred, therefore, in concluding that the search of appellant's bag was proper. The suppression motion should have been granted.

ZAPPALA and CAPPY, JJ., join this dissenting opinion.