J-S06003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMANUEL BRYANT, | |
| Appellant | No. 508 EDA 2013 |

Appeal from the Judgment of Sentence entered January 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002382-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED FEBRUARY 18, 2015**

Emanuel Bryant (Appellant) appeals from the judgment of sentence of six to twelve years' incarceration plus two years' probation, imposed January 8, 2013, following a bench trial resulting in his conviction for possession of a controlled substance with intent to deliver, several firearms offenses, knowing possession of a controlled substance, and possession of a small amount of marijuana.[1]  Pursuant to **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), we vacate the judgment of sentence and remand.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 35 Pa.C.S. § 780-113(a)(30); 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108; 35 Pa.C.S. §§ 780-113(a)(16), and (a)(31).

In January 2011, Philadelphia police officers conducted a routine traffic stop when they observed an automobile with dark-tinted windows. The stop occurred at night in a high–crime area. As Officer Landherr approached the automobile, Appellant engaged in unspecified, "furtive movements." Notes of Testimony (N.T.), 5/29/2012, at 29. Appellant opened the driver-side door. Immediately, Officer Landherr smelled a strong odor of marijuana emanating from the automobile. Officer Landherr asked Appellant to step out of the automobile and provide his license, registration, and insurance information. Appellant exited the automobile and provided his license.

The strong odor of marijuana persisted. Officer Landherr repeated his request for the registration and proof of insurance. Appellant responded that the documentation was in the glove compartment. Officer Denneny, who was positioned on the passenger side of the vehicle, opened the door and opened the glove compartment to retrieve the documentation. When he did so, Officer Denneny observed four jars of what appeared to be crack cocaine and an amber prescription pill bottle with no label.

Appellant was arrested. A subsequent search of the automobile, pursuant to a warrant, revealed a small, loose quantity of marijuana in the glove compartment and a loaded, semi-automatic handgun in the trunk.

In May 2012, Appellant sought to suppress all physical evidence seized from the automobile. A hearing was held before the Honorable James Murray Lynn, who denied the suppression motion. In October 2012, a bench

trial commenced before the Honorable Angelo Foglietta. Following trial, Appellant was convicted of the crimes set forth above. In January 2013, the trial court imposed a sentence of six to twelve years' incarceration plus two years' probation. Appellant timely appealed. Following delays awaiting transcripts and the appointment of new counsel, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the suppression court filed a responsive opinion.

In the sole issue raised on appeal, Appellant challenges the suppression court's denial of his motion to suppress all physical evidence seized from the automobile. Appellant concedes that the police affected a lawful stop of his vehicle. *See* Appellant's Brief, at 7 and 11-12. Nevertheless, according to Appellant, the police officers had neither reasonable suspicion nor probable cause to search the automobile.

Where an appellant challenges the denial of his motion to suppress, our standard of review is well settled.

> We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

*Commonwealth v. Gary*, 91 A.3d 102, 106 (Pa. 2014) (citing *Commonwealth v. Russo*, 934 A.2d 1199, 1203 (Pa. 2007)).

- 3 -

Appellant's argument focuses on a portion of Officer Landherr's testimony at the suppression hearing. On cross-examination, Officer Landherr testified as follows:

Q. And, now, it's your testimony that you then asked him where was the registration and the insurance card, right?

A. That is correct.

Q. And his response was, as you stated or your testimony, is that he said it was in the glove compartment, is that right?

A. That's correct.

Q. Did you ask him to get it?

A. I did not.

Q. Why not?

A. Based upon officer's safety, I would not let this gentleman back in the vehicle when I have suspicions that there could be narcotics or weapons in the vehicle. So I would not let him back in the vehicle.

Q. [What] was the indicia that there were weapons in the vehicle?

A. Well, the marijuana, based upon my experience, where there is a strong smell of marijuana, there could possibly be weapons in the vehicle also.

N.T., 5/29/2012, at 15-16.

Based upon Officer Landherr's reference to officer safety, Appellant crafts a red herring – rejecting as insufficient the evidence upon which the suppression court could conclude that the officers had reasonable suspicion to conduct a protective search of the glove compartment. *See* Appellant's

Brief, at 7 and 13-14 (citing in support **Terry v. Ohio**, 392 U.S. 1 (1968); **Commonwealth v. Zhahir**, 751 A.2d 1153 (Pa. 2005); **Commonwealth v. Preacher**, 827 A.2d 1235 (Pa. Super. 2003)).[2]

In its opinion, filed nearly two years after the hearing, the suppression court provided several bases for its denial of Appellant's motion, including that the officers were justified in conducting a protective search of the passenger compartment of Appellant's automobile. **See** Suppression Court Opinion, 6/27/2014, at 5-6. We need not examine the merits of each legal basis referenced by the suppression court.[3] **See Commonwealth v. Cartagena**, 63 A.3d 294, 301 (Pa. Super. 2013) ("[I]f the record supports the result reached by the suppression court, we may affirm on any ground.") (*en banc*) (citing **Commonwealth v. Lewis**, 39 A.3d 341, 345 (Pa. Super. 2012)). Rather, it is sufficient for our purposes to observe that the suppression court's initial ruling was that the strong odor of marijuana

_____

[2] None of the cases cited by Appellant is particularly helpful, as each examines whether a police officer may stop and frisk an individual, not whether an officer may conduct a protective search of an automobile. **Compare Terry**, 392 U.S. at 7 (patting down a suspect's overcoat), **and Zhahir**, 751 A.2d at 1156 (same), **and Preacher**, 827 A.2d at 1237 (patting down the right pant leg of suspect), **with Michigan v. Long**, 463 U.S. 1032, 1034-35 (1983) (searching passenger compartment of automobile), **and Commonwealth v. Morris**, 644 A.2d 721, 722 (Pa. 1994) (same), **and Commonwealth v. Cartagena**, 63 A.3d 294, 297 (Pa. Super. 2013) (same).

[3] The suppression court relied, alternatively, on Appellant's consent to search, the plain view doctrine, a protective search for weapons, and the plain smell doctrine.

emanating from Appellant's automobile presented probable cause for the officers to search it. *See* N.T., at 77-81 (citing in support *Commonwealth v. Stoner*, 344 A.2d 633 (Pa. Super. 1975)); *see also* Suppression Court Opinion, at 6-8.

In *Stoner*, this Court recognized "a 'plain smell' concept [as] analogous to that of plain sight," provided a police officer could "justify his presence at the place … where he detected the odor[.]" *Stoner*, 344 A.2d at 635. Here, Appellant concedes the validity of the traffic stop and does not challenge the suppression court's finding that a strong odor of marijuana emanated from his automobile. Moreover, marijuana was seized from the automobile, and Appellant was convicted for its possession. Thus, the record supports the suppression court's finding, and we discern no legal error by the suppression court. The strong smell of marijuana emanating from Appellant's automobile provided probable cause for the police officers to search. *Id.*

Nevertheless, we conclude that Appellant's sentence is unlawful.[4] In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a

---

[4] Appellant does not challenge the legality of his sentence, but "[l]egality of sentence questions are not waivable and may be raised *sua sponte* by this Court." *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*).

reasonable doubt." **_Alleyne_**, 133 S.Ct. at 2155. Thereafter, an *en banc* panel of this Court declared that 42 Pa.C.S. § 9712.1 is unconstitutional, as that statute "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." **_Newman_**, 99 A.3d at 98 (applying **_Alleyne_**). Here, the sentencing court relied upon Section 9712.1 expressly. **_See_** N.T., 1/8/2013, at 67 ("The Court: … I note the requirements of Section 9712.1, and I do find that it applies in this case[.]"). Accordingly, we vacate Appellant's judgment of sentence and remand for the re-imposition of sentence, absent consideration of any mandatory minimum sentence provided by Section 9712.1. **_Newman_**, 99 A.3d at 104.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/18/2015</u>