J-S40025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AUSTIN SCOTT | : | |
| | : | |
| Appellant | : | No. 1377 EDA 2017 |

Appeal from the Judgment of Sentence March 17, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0002374-2015

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 06, 2018**

Appellant, Austin Scott, appeals from the judgment of sentence imposed following his bench trial conviction of two violations of the Uniform Firearms Act, 18 Pa.C.S.A. § 6106 (firearms not to be carried without a license), and 18 Pa.C.S.A. § 6108 (carrying of firearms on public streets or public property in Philadelphia prohibited).  Specifically, Appellant challenges the denial of his motion to suppress, and the sufficiency of the evidence.  We affirm on the basis of the trial court's opinion.

The trial court aptly describes the factual and procedural history of this case.  Therefore, we have no need to repeat them at length here.  For the convenience of the reader, we note briefly that Appellant was arrested following an initially routine vehicle stop after the police officer observed him throw something into the back seat of the vehicle.  Appellant was the only

_____

* Retired Senior Judge assigned to the Superior Court.

person in the car at the time. When the officer slid open the door of the van, he observed a handgun on the floor between the driver's seat and the second row seats. Appellant claimed he had thrown a jack into the back seat. But the jack was still on the floor of the front passenger seat.

Appellant was convicted of the VUFA violations after a bench trial following the denial of his motion to suppress. The court acquitted Appellant of receiving stolen property. On March 17, 2017, the court imposed a sentence of not less than six months nor more than twenty-three months of incarceration followed by three years of reporting probation for violating section 6106, and three years of concurrent reporting probation for violating section 6108. This timely appeal followed.[1]

Appellant presents two questions on appeal:

> A. Was the evidence insufficient to support the guilty verdicts for VUFA-6106 and VUFA-6108, where [A]ppellant had no knowledge that a firearm was present in the vehicle he operated?
>
> B. Did the trial court err in denying [A]ppellant's pretrial motion to suppress a firearm, as there was no reasonable suspicion nor probable cause to stop and then search the vehicle [A]ppellant operated, where the officer was not in a position to see the right tail-light at all, and where no marijuana was ever recovered despite the officer claiming a strong odor of burnt marijuana?

(Appellant's Brief, at 7).

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's first claim challenges the sufficiency of the evidence. Our standard of review is well-settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Mobley***, 14 A.3d 887, 889–90 (Pa. Super. 2011) (citation omitted).

Our standard of review for a challenge to the denial of suppression is also well-settled:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.

***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010), *cert. denied*, 562 U.S. 832 (2010) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law and the well-reasoned opinion of the Honorable Michael E. Erdos, we conclude that Appellant's issues do not merit relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion, 12/08/17, at 3-6) (concluding: 1.) evidence was sufficient to support VUFA convictions, where handgun landed where police officer had just seen Appellant throw it; handgun was possessed by Appellant without license on public streets of Philadelphia; and 2). motion to suppress was properly denied where observing police had reasonable and articulable suspicion that Appellant, who exhibited nervous and furtive behavior, and the very strong odor of burnt marijuana, after tossing object over shoulder to rear seat, warranted belief that the suspect was dangerous and could gain immediate control of weapons.).

Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/18

- 4 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

**FILED**

DEC 0 8 2017

Office of Judicial Records
Appeals/Post Trial

COMMONWEALTH OF PENNSYLVANIA : CP-5-1CR-0002374-2015

CP-51-CR-0002374-2015 Comm. v. Scott, Austin
Opinion

8051674101

v. :

AUSTIN SCOTT : 1377 EDA 2017

OPINION

ERDOS, J. December 8, 2017

### OVERVIEW AND PROCEDURAL HISTORY

Austin Scott (hereinafter "Appellant") was arrested on December 13, 2014 and charged with Receiving Stolen Property and Violating the Uniform Firearms Act (hereinafter "VUFA") under 18 Pa.C.S.A. §6106 and §6108. On August 18, 2016, the Court found Appellant Not Guilty of Receiving Stolen Property and Guilty of VUFA §6106 and §6108. On March 17, 2017, the Court imposed a sentence of six to twenty three months incarceration, credit for time served, followed by three years reporting probation for violating §6106, and three years reporting probation to run concurrent for violating §6108.

Appellant filed a timely notice of appeal on April 18, 2017. A Statement of Matters Complained of on Appeal was filed on August 29, 2017. Appellant raises the following two issues:

I.   Whether sufficient evidence was presented to support guilty verdicts of the VUFA charges.

II.  Whether the Court erred in denying Appellant's pretrial motion to suppress a firearm.

1

## FACTS

On the morning of December 13, 2014 at approximately 11:30 a.m., Philadelphia Police Officers Sean Hart and Michael Copestick were on duty. Notes of Testimony ("N.T."), 08/18/16 at 7, 35. Officer Hart was traveling eastbound on Church Lane when he observed a green 2001 Pontiac Montana van driven by Appellant fail to use a turn signal while turning eastbound onto Church Lane in violation of 75 Pa.C.S.A. § 3334(b). Id. at 8. Officer Hart activated his lights and pulled Appellant over. Id. at 9. Officer Copestick arrived at the scene as Officer Hart exited his own vehicle. Id. at 8-9. As Officer Hart approached the driver-side window of the van, through the rear windshield he observed Appellant throw an unknown object behind his right shoulder and heard the object hit the floor. Id. at 9.

Officer Hart walked to the open driver-side window to talk to Appellant. Id. He first asked what the Appellant had thrown, to which Appellant responded he had thrown a car jack. Id. at 10. However, Officer Hart saw the car jack sitting right next to Appellant on the floor and it appeared to be "very heavy." Id. The Officer then asked Appellant if he had a valid driver's license, to which Appellant responded that he did. Id. As Appellant provided Officer Hart with his license and registration, he was "very nervous" and his hands were "very shaky." Id. at 11. Officer Hart also noticed a very strong odor of burnt marijuana coming from inside the van. Id.

Officer Hart then asked Appellant to step out of the vehicle. Id. at 12. Officer Hart proceeded to search the vehicle while Officer Copestick stood with Appellant. Id. Officer Hart opened the side door of the van and immediately saw a firearm sitting on the floor of the vehicle between the driver's seat and the middle seat. Id. at 12-13. Appellant was placed into custody after Officer Hart recovered the weapon, a 0.38 caliber handgun, from the vehicle. Id. at 37. A clear bag with an apple logo stamped on it containing eight live rounds was also recovered from

2

the van. Id. Inside the clear bag were six 0.38 caliber rounds of ammunition and two 0.25 caliber rounds of ammunition. Id. Additionally, the handgun was loaded with six live rounds. Id. Appellant did not have a license to carry a firearm. Id. at 50.

Neither Appellant nor any defense witnesses testified at the motion hearing or trial. However, eight family members and lifelong friends of Appellant did appear in court and vouched for his reputation as being peaceful, honest, and law abiding. Id. at 52.

## DISCUSSION

### I.    MOTION TO SUPPRESS

Appellant contends that the Court erred in denying his motion to suppress all physical evidence and any observations made by the police officers. The motion was without merit and properly denied by the Court.

Where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. Commonwealth v. DeMark, 800 A.2d 947, 952 (Pa. Super. 2002). It is the responsibility of the suppression court, as a trier of fact, to determine the credibility of witnesses and the facts pertaining to a motion to suppress evidence. Commonwealth v. Angel, 946 A.2d 115, 117 (Pa. Super. 2008).

In order for a police officer to effectuate a traffic stop in Pennsylvania the officer must possess a reasonable and articulable suspicion of a vehicle code violation on the part of the vehicle operator. 75 Pa.C.S.A. §6308(b); Commonwealth v. Long, 753 A.2d 272, 280 (Pa. Super. 2000). Here, Officer Hart had a reasonable and articulable suspicion of a vehicle code violation when he saw Appellant fail to use his turn signal while turning eastbound onto Church Lane, giving him the right to pull Appellant over. N.T. at 8. As he approached the vehicle, he observed

3

Appellant throw an unknown object behind his right shoulder and heard the object hit the floor. Id. at 9. Concerned for his own safety, the officer asked Appellant what he had thrown. Id. at 10. Although Appellant responded that he had thrown a car jack, it was clear to the Officer that this was not possible because it was immediately next to Appellant and not behind him. Id. Officer Hart then observed Appellant shakily hand over his license and paperwork in a nervous manner, and also noticed a strong smell of marijuana emanating from the vehicle. Id. at 11.

It has long been held that "the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." Michigan v. Long, 463 U.S. 1032, 1049-50 (1983) (quoting Terry v. Ohio, 392 U.S. 1 (1968)). A Terry protective frisk is justified when an officer observes furtive movements within the scope of a lawful traffic stop that reasonably cause him to be concerned for his safety. See e.g., Commonwealth v. Simmons, 17 A.3d 399, 404 (Pa. Super. 2011); Commonwealth v. Morris, 537 Pa. 417, 644 A.2d 721, 723 (1994); In re O.J., 958 A.2d 561, 566 (Pa. Super. 2008); Commonwealth v. Mack, 953 A.2d 587, 591 (Pa. Super. 2008); Commonwealth v. Parker, 957 A.2d 311, 316 (Pa. Super. 2008); Commonwealth v. Wilson, 927 A.2d 279, 284–85 (Pa. Super. 2007). Accordingly, given Appellant's furtive behavior, the Officers reasonably feared for their safety and were permitted to search the passenger compartment of the van for weapons.

Moreover, a search of the car was also justified for a separate reason. Given the odor of burnt marijuana and Appellant's nervous disposition, probable cause existed to believe that marijuana was inside the vehicle. As such, a warrantless search was warranted. See

4

Commonwealth v. Gary, 91 A.3d 102, 104 (2014) (adopting federal automobile standard which requires probable cause alone to justify a warrantless car search).

## II.    SUFFICIENCY OF THE EVIDENCE

The evidence was sufficient as a matter of law to support the convictions under 18 Pa.C.S.A. §6106 and §6108. When reviewing a sufficiency of the evidence challenge, the well-settled standard is "whether the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to enable the fact-finder to establish every element of the crime beyond a reasonable doubt." Commonwealth v. Williams, 896 A.2d 523, 535 (Pa. 2006). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." Commonwealth v. Brewer, 876 A.2d 1029, 1032 (Pa. Super. 2005). The Commonwealth is not required to show guilt by a "mathematical certainty" and may sustain its burden by presenting solely circumstantial evidence. Commonwealth v. Norley, 55 A. 3d 526, 531 (Pa. Super. 2012). "The finder of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all part or none of the evidence." Commonwealth v. Brooks, 7 A.3d 852, 856-57 (Pa. Super. 2010).

A person commits a felony of the third degree and is guilty of VUFA § 6106 when he "carries a firearm in any vehicle . . . without a valid and lawfully issued license . . ." 18 Pa.C.S.A. §6106(a)(1). A person commits a misdemeanor of the first degree and is guilty of VUFA § 6108 when he "[carries] a firearm . . . at any time upon the public streets or upon any public property in a city of the first class unless such person is licensed to carry a firearm." 18 Pa.C.S.A. §6108(1). Mere presence in an automobile in which a weapon is found is not sufficient to prove that a passenger is in possession of the weapon. Commonwealth v. Townsend, 237 A.2d

5

192, 194 (1968). To show possession the Commonwealth is required to establish that appellant had the power of control over the weapon and the intention to exercise that control. Commonwealth v. Armstead, 305 A.2d 1, 2 (1973).

The evidence presented at trial was sufficient to prove that Appellant possessed the handgun in question. Upon opening the side door of Appellant's van, Officers immediately saw a 0.38 caliber handgun sitting on the floor between the driver's seat and the middle seat. N.T. at 12-13, 39. This is exactly where the object landed which Officer Hart saw Appellant throw over his shoulder upon being pulled over. Appellant was clearly in possession of a firearm in his vehicle without a license in violation of UFA 6106 and on the public streets without a license in violation of UFA 6108.

## CONCLUSION

Given the applicable statutes, testimony, and case law, the motion to suppress was properly denied, and the evidence was sufficient to support Appellant's convictions. Accordingly, the Court's decision should be affirmed.

BY THE COURT:

Michael E Erdos

MICHAEL E. ERDOS, J.

DATE: December 8, 2017

6