539 A.2d 1331

**COMMONWEALTH of Pennsylvania**

v.

**Barry FLECK, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1987.

Filed April 4, 1988.

Andrew F. Schneider, Langhorne, for appellant.

Janice Zerbe, Assistant District Attorney, Doylestown, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY and BECK, JJ.

BECK, Judge:

The bill of information charged appellant with simple assault, 18 Pa.Cons.Stat.Ann. § 2701(a)(1) (Purdon 1983), and listed the grade as a second degree misdemeanor. The evidence at trial established that appellant and the complainant engaged in a scuffle at a crowded bar. The complainant testified that appellant punched him without any provocation. Appellant, on the other hand, testified that he punched the complainant in self-defense after the complainant attacked appellant. The trial court decided that the evidence produced at trial would support a jury's finding that the fight or scuffle was entered into by mutual consent, in which case the alleged assault would be downgraded to a misdemeanor of the third degree.[1] The court then, *sua sponte* and over defense counsel's objection, instructed the jury that it could find the appellant guilty of the lesser degree of simple assault if the jury found that the scuffle was entered into by mutual consent. Appellant asserts on appeal that the trial court acted improperly in so instructing the jury over the defense's objection. We agree and vacate the judgment of sentence and grant appellant a new trial.[2]

1. The statute under which appellant was charged provides in part:
   (a) Offense defined.—A person is guilty of assault if he:
       (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
   . . . .
       (b) Grading.—Simple assault is a misdemeanor of the second degree unless committed in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree.
   18 Pa.Cons.Stat.Ann. § 2701 (Purdon 1983).

2. Appellant also asserts that the charge to the jury on the issue of self-defense was inadequate and that the court erred in permitting testimony by a Commonwealth witness concerning settlement conversations. Since we now vacate appellant's judgment of sentence and remand for a new trial on the strength of appellant's initial claim, we do not reach those other issues.

At no time before or during trial was appellant alerted to the possibility that he would have to defend against a charge of simple assault by mutual consent. The bill of information specifically listed the simple assault as a misdemeanor of the second degree. The Commonwealth did not pursue a mutual consent theory and did not ask for the instruction on mutual consent. Rather, the Commonwealth's position throughout the trial was that the complainant did not consent to any fight, but was punched by appellant without any provocation on the complainant's part. In fact, complainant testified that after he was struck, he simply fell. He did not admit to taking any defensive or retaliatory actions against appellant.

Unaware that the jury would be instructed to consider whether a fight by mutual consent took place, appellant structured his defense to combat the charge of a second degree simple assault. He testified that he struck the complainant in self-defense after the complainant swung at him with a drink. As appellant complains, he would have structured his defense differently had he known that he would be charged with fighting by mutual consent. Appellant could then have employed different impeachment tactics showing that the complainant was trying to avoid criminal charges against himself by testifying against appellant. Instead, by asserting self-defense, appellant sought an outright acquittal from the jury, not a downgraded verdict.

By instructing the jurors that they could consider whether the fight was entered into by mutual consent and that so finding could return a verdict downgrading the offense, the trial court gave to the jury an alternative to acquittal on the second degree assault charge. In doing so over the defense's objection, the court went beyond its responsibility to clarify the issues and define the pertinent questions of law. The court improperly assumed the responsibilities of an advocate by introducing a new theory to downgrade the offense. While such action could in some cases be seen as helpful to the defense, it does interfere with defense strate-

gy by lessening the chances of an outright acquittal. Such an invasion is particularly evident here where defense counsel objected to the proposed charge and resisted the theory that mutual consent was an issue. *See Hrivnak v. Perrone*, 472 Pa. 348, 372 A.2d 730 (1977) (trial court cannot assume an advocate's function of introducing theories which were not raised by the parties and were resisted by the plaintiff throughout the trial). Such action by the trial court, if condoned, would prevent a defense attorney from following the legitimate and often effective trial strategy of seeking outright acquittal. *See, e.g., Commonwealth v. Musi*, 486 Pa. 102, 110, 404 A.2d 378, 382 (1979) (defense counsel pursued client's best interest by not requesting involuntary manslaughter charge so as not to suggest compromise verdict to the jury); *Commonwealth v. Westcott*, 362 Pa.Super. 176, 207, 523 A.2d 1140, 1155, *appeal denied*, 516 Pa. 640, 533 A.2d 712 (1987) (defense counsel's omission to request instruction on lesser included offenses was legitimate trial strategy designed to keep from the jury a suggestion of compromise). Further, as in the present case, the introduction of such a theory at the end of the trial prevented the defense from structuring an effective defense.

Such a *sua sponte* instruction not only constitutes uninvited interference with defense strategy, but also invades the prosecution function. Although the prosecution did not object to the trial court's charge on mutual consent, it never pursued such a theory at trial. The prosecution instead aimed for a conviction of simple assault in the second degree. The trial court's action was similar to a trial court amending the information *sua sponte* to include a charge of a lesser grade. Such an amendment is an improper invasion of the prosecutorial function. *Commonwealth v. Donaldson*, 339 Pa.Super. 237, 488 A.2d 639 (1985). The unwarranted instruction obviously prejudiced appellant. The jury took the opportunity to return a compromise verdict and did so by finding appellant guilty of simple assault in the third degree.

Therefore, we vacate appellant's judgment of sentence and remand for a new trial.