**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Michael NORLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 2012.

Filed Oct. 15, 2012.

Douglas L. Smith, Media, for appellant.

John J. Whelan, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: PANELLA, DONOHUE and ALLEN, JJ.

OPINION BY DONOHUE, J.:

Appellant, Michael Norley ("Norley"), appeals from the judgment of sentence entered on November 30, 2011, following his conviction for simple assault, 18 Pa. C.S.A. § 2701, as a third degree misde-

meanor. Norley argues that the Commonwealth charged him only with a second degree misdemeanor under section 2701(a)(1), and therefore his conviction for a third degree misdemeanor under section 2701(b) must be vacated. Norley also contends that the evidence was insufficient to support his conviction for a third degree misdemeanor pursuant to section 2701(b). For the reasons that follow, we affirm the judgment of sentence.

The trial court summarized the relevant factual and procedural background of this case as follows:

This case arises from a brawl on September 16, 2010 when Carmen Giannone, a licensed repossessor, went to codefendant [Richard] Kauffman's house in Glen Mills to repossess a Jeep Commander registered to Denise Kauffman. N.T., 9/20/11, pp. 30–31. Corvin Vasquez, Giannone's assistant, accompanied Giannone. N.T., 9/20/11, p. 34. Giannone had attempted on prior occasions to repossess the Jeep but without success. N.T., 9/20/11, pp. 31–35.

On this occasion, Giannone could not find the Jeep, and nobody responded when Giannone knocked on Kauffman's door. N.T., 9/20/11, p. 30. As Giannone and Vasquez were leaving, [Norley] drove into the driveway, blocking Giannone's vehicle and accused Giannone of trespassing. N.T., 9/20/11, pp. 38–39. Giannone responded that he was on the property lawfully to repossess a vehicle. N.T., 9/20/11, p. 39. [Norley] attacked Giannone and struck him with a metal bar in the face and knees. N.T., 9/20/11, pp. 40–41. Vasquez grabbed [Norley] and began wrestling with him and hitting him, and [Norley] struck Vasquez several times in the neck and face with the metal bar. N.T., 9/21/11, p. 12. Codefendant Kauffman joined in the fight and hit Giannone and Vasquez with a baseball bat. N.T., 9/21/11, pp. 13, 15, 41. [Norley] admitted hitting Giannone and Vasquez but claimed it was in self-defense. N.T., 9/21/11, pp. 117, 140.

[Norley] was charged with aggravated assault, simple assault and conspiracy. The simple assault information did not refer to mutual scuffle but simply included the elements of simple assault under 18 Pa.C.S.A. § 2701(a). During trial, the [c]ourt inquired whether the simple assault charged included a mutual scuffle. N.T., 9/21/11, pp. 163–64. The [c]ourt found [Norley] guilty of simple assault (mutual scuffle), a third degree misdemeanor.

Trial Court Opinion, 6/26/12, at 2–3.

Norley raises two issues on appeal:

1. The learned trial [c]ourt erred when it found [Norley] guilty of Simple Assault pursuant to 18 Pa.C.S.A. § 2701(b)(1). The Commonwealth filed a criminal information against [Norley] charging him with 18 Pa.C.S.A. § 2701(a)(1) and did not seek to amend the criminal information at any time before the entry of the [c]ourt's verdict. The Commonwealth proceeded on section (a)(1) of the Simple Assault statute and [Norley] presented a defense based on this offense. Section (b)(1) of the Simple Assault statute is not a lesser included offense of Subsection (a)(1) and the learned trial [c]ourt exceeded its authority when it found [Norley] guilty of section (b)(1).

2. The evidence presented by the Commonwealth did not allege [Norley] engaged 'in a fight or scuffle entered into by mutual consent' and [Norley] did not tender a defense based upon this section of the Simple Assault statute. The evidence was insufficient as a matter of law to sustain a conviction pursuant to 18 Pa.C.S.A.

§ 2701(b)(1) as the Commonwealth witnesses testified that [Norley] was the aggressor and he attacked them without cause or provocation.

Norley's Brief at 4.

■ Norley's first issue on appeal raises a question regarding the elements of the crime of simple assault, and therefore requires that we interpret the relevant statute. "[W]hen the judiciary is required to resolve an issue concerning the elements of a criminal offense, its task is fundamentally one of statutory interpretation, and its overriding purpose must be to ascertain and effectuate the legislative intent underlying the statute." *Commonwealth v. Booth*, 564 Pa. 228, 233, 766 A.2d 843, 846 (2001); 1 Pa.C.S.A. § 1921(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.").

In *Commonwealth v. Fedorek*, 596 Pa. 475, 946 A.2d 93 (2008), our Supreme Court interpreted the elements of the crime of disorderly conduct, 18 Pa.C.S.A. § 5503, a statute of similar structure to that of the simple assault statute at issue here. Subsection (a) of the disorderly conduct statute sets forth various forms of conduct that constitute criminal activity thereunder, and subsection (b) concerns grading for sentencing purposes. Our Supreme Court concluded as follows:

> Here, we determine that the express language of Section 5503(b) is clear as to the intent of the legislature with respect to the grading of the offense, and that the Superior Court majority below erred by disregarding or misinterpreting the express language of the statute.
>
> First, there is no question in this case as to what constitutes the elements of the offense of disorderly conduct. 'A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly

creating a risk thereof, he' or she engages in certain enumerated activity. 18 Pa.C.S. § 5503(a). Relevant to the instant case, one such activity is 'engag[ing] in fighting or threatening, or in violent or tumultuous behavior.' 18 Pa. C.S. § 5503(a)(1). Indeed, Appellee concedes that the Commonwealth established the necessary elements to support her conviction for disorderly conduct as defined by subsection (a) of the statute.

> Subsection (b) of the statute addresses the issue of how the offense, once established, is to be graded for purposes of sentencing. This subsection states in relevant part: 'An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience,' otherwise, it 'is a summary offense.' 18 Pa.C.S. § 5503(b).

*Id.* at 485–86, 946 A.2d at 99.

The simple assault statute, 18 Pa.C.S.A. § 2701, likewise contains subsections (a) and (b), with subsection (a) providing definitions of the crime and subsection (b) concerning grading for sentencing purposes.

**§ 2701. Simple assault**

(a) Offense defined.—A person is guilty of assault if he:

> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
> (2) negligently causes bodily injury to another with a deadly weapon;
>
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
>
> (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention

facility or mental hospital during the course of an arrest or any search of the person.

(b) Grading.—Simple assault is a misdemeanor of the second degree unless committed:

(1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree; or

(2) against a child under 12 years of age by an adult 21 years of age or older, in which case it is a misdemeanor of the first degree.

18 Pa.C.S.A. § 2701.

In *Commonwealth v. Shamsud–Din*, 995 A.2d 1224 (Pa.Super.2010), the appellant asserted a claim substantially similar to that raised by Norley here—namely that she could not be convicted of third degree misdemeanor for simple assault pursuant to section 2701(b)(1) where she had only been charged with second degree simple assault pursuant to section 2701(a)(1), where the Commonwealth had not moved to amend the criminal complaint, and where the third degree misdemeanor was not a lesser included offense of its second degree counterpart. *Id.* at 1226. In response, this Court first determined that the Supreme Court's construction of the disorderly conduct statute in *Fedorek* likewise applies to a proper interpretation of section 2701.

Clearly, the four circumstances under which an individual may be convicted of the crime are set forth in 18 Pa. C.S.A. § 2701(a), and the mitigating and enhancing provisions are stated in 18 Pa.C.S.A. § 2701(b).

*Id.* at 1229 (citing *Fedorek*, 596 Pa. at 485–86, 946 A.2d at 99).

Having established the distinction between the elements of the crime in subsection 2701(a) and grading considerations in subsection 2701(b), this Court in *Shamsud–Din* rejected the appellant's contention that she could not be convicted of the third degree misdemeanor. We stated that "under the plain language of the statute, the circumstance of a fight entered into through mutual consent does not affect a defendant's guilt or innocence but is relevant in determining the appropriate punishment." *Id.* The appellant admitted that she had initiated physical contact with the victim, thus establishing her guilt under subsection 2701(a)(1), and the trial court was within its province to grade the offense as a third degree misdemeanor pursuant to application of subsection 2701(b)(1). *Id.* at 1230.

Norley argues that *Shamsud–Din* does not apply in the present circumstance. Because he claimed self-defense at trial, Norley contends that *Commonwealth v. Fleck*, 372 Pa.Super. 546, 539 A.2d 1331 (1988) governs here.[1] In *Fleck*, this Court determined that the trial court had erred in *sua sponte* charging the jury that it could find the appellant guilty of third degree simple assault if it found a scuffle through mutual consent, even though he had only been charged with second degree simple assault and the Commonwealth had not requested a mutual consent instruction. *Id.* at 1331. The appellant argued that his sole defense had been one of self-defense, and that he had sought an acquittal rather than a downgraded verdict. *Id.* at 1332. If he had known that third degree simple assault had been an available option for the jury, he would have strategized differently and asked different questions during cross-examination. *Id.* We

---

[1] In *Shamsud–Din*, this Court did not directly address whether *Fleck* constitutes an exception to the analysis presented there. Instead, we distinguished *Fleck* on the grounds that the appellant had not argued self-defense in that case. *Shamsud–Din*, 995 A.2d at 1230.

agreed, concluding that the trial court had impermissibly assumed the role as an advocate for the Commonwealth and interfered with the defense strategy of seeking an outright acquittal. *Id.*

We note, however, that our decision in *Fleck* pre-dates the Supreme Court's decisions in *Fedorek* and *Commonwealth v. Bavusa,* 574 Pa. 620, 832 A.2d 1042 (2003). In *Bavusa,* our Supreme Court held that the existence of mitigating factors permitting a lesser grade of an offense does not impose upon the Commonwealth an additional evidentiary burden of negating that mitigating factor to obtain a conviction of the more severe grade of the same offense. *Id.* at 638, 832 A.2d at 1052. The statute at issue in *Bavusa,* 18 Pa. C.S.A. § 6106(a) (carrying a concealed firearm without a license), provides:

> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.
>
> (2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a). In *Bavusa,* the Supreme Court ruled that the availability in subsection (2) of a downgrade from third degree felony to first degree misdemeanor if certain "personal status factors" exist (license eligibility and never having committed any other crime) does not create new elements of the crime in question (carrying a concealed firearm). *Bavusa,* 574 Pa. at 638, 832 A.2d at 1053. To be convicted of the crime, the Commonwealth only needs to show the carrying of a unlicensed concealed firearm. *Id.* The "personal status factors" are not elements of the crime, but are instead merely grading factors. *Id.* at 642, 832 A.2d at 1055.

Based upon the Supreme Court decisions in *Fedorek* and *Bavusa* and this Court's decision in *Shamsud–Din,* we must conclude that our decision in *Fleck* has no continuing vitality. Section 2701(b)(1) does not require the Commonwealth to disprove that the offending conduct occurred during a mutual fight or scuffle to establish a simple assault. That the offending conduct occurred during a mutual fight or scuffle is relevant only with respect to the subsequent *grading* of the offense. The assertion of self-defense goes only to whether the Commonwealth proved the elements of the crime—which for simple assault are set forth in subsection 2701(a). *See, e.g., Commonwealth v. Fowlin,* 551 Pa. 414, 422, 710 A.2d 1130, 1134–35 (1998) (self-defense negates the elements of the crime). Self-defense does not affect the grading of an offense once established, and Norley's assertion of self-defense in this case can have no effect on whether the trial court graded his simple assault as a second degree or third degree misdemeanor.

In this case, because section 2701(a)(1) sets forth the elements of the crime of simple assault, and because a mutual fight or scuffle is merely a grading consideration, the Commonwealth was not required to charge Norley separately with simple assault as second degree and third degree misdemeanors. To prove that Norley committed a simple assault, the Commonwealth did not have to prove that Norley's

offending actions occurred *other than* in a mutual fight or scuffle. Instead, once the Commonwealth proved that Norley committed a simple assault pursuant to subsection 2701(a)(1), the trial court had the discretion to grade that offense as a second or third degree misdemeanor pursuant to the dictates of subsection 2701(b)(1) and sentence him accordingly. As such, we find no trial court error in this regard.

■ For his second issue on appeal, Norley contends that the Commonwealth did not introduce sufficient evidence as a matter of law to establish a conviction for simple assault during a mutual fight or scuffle. Specifically, Norley argues that the Commonwealth's witnesses characterized Norley as the aggressor and that the "witnesses did not testify a fight or scuffle by mutual consent occurred." Norley's Brief at 8.

Our standard of review for challenges to the sufficiency of the evidence is well established.

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record 'in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.' *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). 'Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.' *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa.Super.2005). Nevertheless, 'the Commonwealth need not establish guilt to a mathematical certainty.' *Id.; see also Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa.Super.2000) ('[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the de-

fendant's innocence.'). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer*, 876 A.2d at 1032. Accordingly, '[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.' *Id.* (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038–39 (Pa.Super.2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Stays*, 40 A.3d 160, 167 (Pa.Super.2012).

As indicated hereinabove in connection with Norley's first issue on appeal, the Commonwealth had no burden to establish that a mutual fight or scuffle occurred in order to establish a violation of simple assault under section 2701. Even construing Norley's argument as contending that the Commonwealth did not present evidence that would permit the trial court to apply the grading factor in subsection 2701(b)(1), we disagree that there is insufficient evidence of record. Giannone testified that after Norley struck him with the metal bar,

[a]t that point my partner [Vasquez] grabbed him because I was on the ground, so I kind of dropped all my stuff and was on the ground. I believe my partner grabbed him and they were I guess wrestling to get the metal pipe. When I was getting back up, I went to go help my partner, and that was when Mr. Kauffman came up from behind me with a baseball bat.

N.T., 9/20/11, at 41. Essentially, what Giannone describes here is a mutual fight or scuffle between himself, Vasquez, Norley, and Kauffman. While Giannone clearly described Norley as the aggressor who landed the first blows, nothing in subsection 2701(b)(1) suggests that its application is limited to situations in which all of the participants enter the fray at the same time and/or for the same reasons.

Judgment of sentence affirmed.