J-S47012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRAVIS WRIGHT | |
| Appellant | No. 2730 EDA 2016 |

Appeal from the Judgment of Sentence July 28, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005096-2015

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 02, 2017**

Travis Wright appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas on July 28, 2016.  After careful consideration, we affirm.

On August 30, 2015, Allentown Police responded to a report of an assault at 1046 West Walnut Street, Apartment 2.  Upon arrival, the officers were directed to a back bedroom where the victim, Shykeem Wallace, was lying on the floor with a swollen and lacerated face.  Wallace appeared to be semi-conscious.  Wallace was taken by ambulance to Lehigh Valley Hospital – Cedar Crest.

Lavetta Shipman, the resident of the apartment, told the police that her husband, Wright, and his brother, co-defendant Brian Wright, assaulted Wallace.  At trial, Travis Wright testified that he went to the apartment to

give money to his kids and his stepdaughter let him in. After knocking on the bedroom door, Shipman told Wright to wait, but never opened the door. Wright knocked two more times and then entered the room to find Wallace sitting at the end of the bed, Shipman lying on the bed behind Wallace, and Wright's two youngest daughters asleep on the bed.

Wallace did not respond when Wright asked him who he was. Wright testified that Wallace made a "juke move"[1] in his direction, and Wright was unsure whether Wallace was going to run out of the room or attack him. N.T. Trial, 06/22/16, at 52, 69. Wright swung at Wallace and the two men began to fight. After hearing the commotion, Wright's brother went to the bedroom, saw the two men fighting, and hit Wallace a few times while attempting to break up the fight.

At this point, Wright put Wallace in a chokehold and hit him repeatedly in the head and upper body. When Wright noticed his children waking up, he stopped and left the apartment with his brother. The altercation left Wallace with a concussion, a laceration to his left cheek that needed stitches, a fractured nasal bone, fractured eye sockets that required surgery, and hemorrhaging in both eye sockets. Wallace testified at trial that he could not see as far as he could before the incident.

---

[1] "[T]o fake out of position (as in football)[.]" MERRIAM-WEBSTER (last visited July 12, 2017), https://www.merriam-webster.com/dictionary/juke.

On June 22, 2016, a jury found Wright guilty of aggravated assault[2] and simple assault,[3] and the Honorable James T. Anthony found Wright guilty of the summary offense of harassment.[4]  Judge Anthony denied Wright's motion for a new trial and, on July 28, 2016, he sentenced Wright to four to eight years' imprisonment.  On August 22, 2016, Wright filed a timely appeal.

Wright alleges that the jury's verdict of guilty, with respect to the aggravated assault charge, was against the weight of evidence presented at trial.  Specifically, Wright claims that (1) the Commonwealth failed to disprove his self-defense claim, (2) the Commonwealth failed to prove he attempted to cause serious bodily injury, and (3) the evidence showed the fight resulted from mutual agreement of the parties.  Trial Court Opinion, 10/21/16, at 3.

Conclusions as to what weight to afford the evidence are solely for the finder of fact, who is "free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses."  **Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa. 2004).  We cannot substitute our judgment for that of the finder of fact.  **See Commonwealth v. Champney**, 832 A.2d 403,

---

[2] 18 Pa.C.S.A. § 2702(a)(1).

[3] 18 Pa.C.S.A. § 2701(a)(1).

[4] 18 Pa.C.S.A. § 2709(a)(1).

408 (Pa. 2003). A trial court will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. *See Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008). Our appellate courts have repeatedly emphasized that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence." *Commonwealth v. Forbes*, 867 A.2d 1268, 1273 (Pa. Super. 2005) (internal quotes omitted). An appellate court's purpose in reviewing a challenge to the weight of evidence "is to determine whether the trial court abused its discretion and not to substitute [its own] judgment for that of the trial court. *Commonwealth v. Murray*, 597 A.2d 111, 114 (Pa. Super. 1991) (*en banc*) (citations omitted).

Additionally, a claim that the verdict is contrary to the weight of evidence is distinct from a claim pertaining to the sufficiency of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). A sufficiency of the evidence claim maintains that the evidence was inadequate to prove each element of the crime charged beyond a reasonable doubt. *Id*. A claim that the verdict is against the weight of the evidence acknowledges that there was sufficient evidence to sustain the verdict, but questions the evidence to be believed. *Commonwealth v. Lewis*, 911 A.2d 558, 566 (Pa. Super. 2006) (quoting *Commonwealth v. Hunzer*, 868 A.2d 498, 507 (Pa. Super. 2005)).

Wright asserts that he fought Wallace in self-defense because Wallace made a move toward him, which put him in fear of an attack. There was conflicting testimony, however, because the Commonwealth presented evidence that Wright was the aggressor and could not have reasonably believed he was in danger of death or serious bodily injury. The jury, as fact finder, was free to believe all, part, or none of the evidence and assess the credibility of the witnesses. *DeJesus*, *supra*. Although Wright alleges that the Commonwealth failed to disprove his self-defense claim, it is clear that the jury trusted the Commonwealth's description of events over Wright's version. The mere fact that the jury chose not to believe Wright does not render the verdict against the weight of evidence.

Wright also claims the Commonwealth failed to prove he attempted to cause Wallace serious bodily injury. This is a sufficiency challenge, rather than a weight claim, because Wright alleges the Commonwealth failed to prove all of the elements of aggravated assault.[5] When evaluating a sufficiency of the evidence challenge,

> we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt.

*Commonwealth v. Little*, 879 A.2d 293, 296-297 (Pa. Super. 2005).

---

[5] In raising a weight of the evidence claim, Wright has conceded that the evidence is sufficient to sustain the verdict. *See Lewis*, 911 A.2d at 566.

An individual is guilty of aggravated assault, where he:

[A]ttempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting an extreme indifference to the value of human life.

18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is bodily injury that "creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Where the injury to the victim does not constitute serious bodily injury, the charge of aggravated assault can still be sustained if the evidence suggests the defendant *intended* to cause serious bodily injury. *See Commonwealth v. Dailey*, 828 A.2d 356, 359 (Pa. Super. 2003); *see also Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978) (emphasis added).

Wright claims the circumstances surrounding the incident do not support a finding that he intended to cause Wallace serious bodily injury. The Commonwealth, however, presented evidence that Wright repeatedly punched Wallace in the face and upper body while he had him in a chokehold. Wright was not provoked, and only stopped because his children woke up. Additionally, the evidence established that Wallace suffered fracturing and hemorrhaging in both eye sockets, and Wallace testified that his vision was impaired after the assault. Thus, the evidence was sufficient to prove Wright attempted to inflict serious bodily injury on Wallace.

Finally, Wright argues the evidence establishes that he and Wallace entered into a "mutual combat fight." Appellant's Brief, at 12. We note that, the verdict slip shows that the jury did find the fight was entered into by mutual agreement of the parties. However, evidence of mutual combat is only relevant to simple assault, not aggravated assault, and is merely a grading consideration. ***Commonwealth v. Norley***, 55 A.3d 526, 530 (Pa. Super. 2012); ***see also*** 18 Pa.C.S.A. § 2701(b). As such, this claim is meritless.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/2017