J-S51007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                        :

              v.                             :
                                        :

MICHELLE WALTER               :
                                        :
           Appellant           :      No. 3431 EDA 2017

Appeal from the Judgment of Sentence June 29, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006804-2016

BEFORE: DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:            **FILED NOVEMBER 21, 2018**

Appellant, Michelle Walter, appeals from the June 29, 2017 Judgment of Sentence entered in the Delaware County Court of Common Pleas following her conviction of one count each of Simple Assault, Recklessly Endangering Another Person ("REAP"), and Criminal Mischief, all second-degree misdemeanors.[1] Appellant's counsel has filed an **_Anders_** Brief, together with an Application to Withdraw as Counsel. After careful review, we affirm Appellant's Judgment of Sentence and grant counsel's Application to Withdraw.

---

[1] 18 Pa.C.S. §§ 2701(a)(1); 2705; and 3304(a)(5), respectively.

The facts are, briefly, as follows. On September 23, 2016, the Commonwealth charged Appellant with the above crimes arising from her role in an altercation with Devon Fryer, the father of Appellant's child.[2]

Appellant proceeded to a two-day non-jury trial on May 12, 2017. Fryer, Yeadon Borough Police Officer Duncan Smith, Jr., and Appellant testified. Fryer testified that he was sitting in his car outside his home in Yeadon, Delaware County, when Appellant pulled up in her car alongside him and "boxed [him] in" with her car. N.T., 5/12/17, at 18-19. He testified that Appellant got out of her car and, using a metal baton, smashed the passenger side rear and front windows, shattering the glass onto him, cutting his face, and denting his car. *Id.* at 21-22. He testified that she then walked around to the driver's side and hit him in the arm with the baton as he attempted to exit the car. *Id.* at 23. He testified that he exited the car in an attempt to subdue Appellant by grabbing her wrists, whereupon she hit his arm, back, head, and hip with the baton. *Id.* at 24, 27-29. He testified that Appellant stopped attacking him when the police arrived. *Id.* at 26. Fryer also testified that during the course of his relationship with Appellant, she has attacked him several times. *Id.* at 57-58.

_____

[2] The Commonwealth also charged Appellant with two counts of Aggravated Assault, one additional count of Simple Assault, and one count of Resisting Arrest. The court acquitted Appellant of one of the Aggravated Assault charges and the Resisting Arrest charge and the Commonwealth withdrew the other Aggravated Assault charge and one of the Simple Assault charges.

Officer Smith testified that when he arrived at the scene he saw Appellant's SUV parked in the middle of the street and heard Appellant and Fryer yelling. N.T., 5/18/17, at 5. He testified that he observed Fryer's torso in the SUV and his feet firmly planted on the pavement, while Fryer held Appellant's wrists. *Id.* at 13. Officer Smith stated that Appellant attempted to flee from him by driving away in her SUV. *Id.* at 16-17. Officer Smith also testified that Appellant later admitted to him that she had smashed Fryer's car windows because "they had a previous argument that day and she was upset with [him]." *Id.* at 10, 22. Officer Smith recovered a black baton from the driver's side area of Appellant's SUV. *Id.* at 10. He testified that he accompanied Appellant to the hospital and she had small lacerations on her hand and was bleeding. *Id.* at 23-24.

Appellant testified that on the night of the incident she was upset with Fryer. N.T., 5/18/17, at 33. She testified that she drove to his location, smashed the windows of his car, then immediately returned to her car. *Id.* She testified that Fryer then exited his car and rushed toward the driver's side of her car, arriving there before she was able to close the door. *Id.* at 34. Appellant testified that Fryer proceeded to "punch on her and stuff." *Id.* She denied ever swinging a baton at Fryer or hitting him with a baton. *Id.* Appellant denied attempting to injure Fryer or flee from police. *Id.* at 40.

Following Appellant's trial, the court convicted her of Simple Assault, REAP, and Criminal Mischief. On June 29, 2017, the court sentenced Appellant

to an aggregate term of time served to 12 months' incarceration and one year of probation.

On July 10, 2017, Appellant filed a Post-Sentence Motion. Following a hearing, the trial court denied the Motion on September 7, 2017.

This timely appeal followed. Appellant's counsel filed a Pa.R.A.P. 1925(c)(4) Statement in lieu of a Rule 1925(b) Statement.

On June 19, 2017, counsel filed the **Anders** Brief and Application to Withdraw as Counsel. Appellant did not file a *pro se* or counseled response to either the Brief or the Application.

As a preliminary matter, we address counsel's Application to Withdraw. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or retain new counsel. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Counsel appended a copy of the letter to his Petition to Withdraw.

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

In his *Anders* Brief, counsel indicated Appellant wishes to raise the following issue on appeal:

> In the case of a [S]imple [A]ssault, misdemeanor of the second degree conviction for causing or attempting to cause bodily injury, where the complainant and the [A]ppellant shared a romantic and a violent history toward one another, is it frivolous to assert that the [t]rial [c]ourt erred when it assigned grading?

*Anders* Brief at 6.

This issue challenges the sufficiency of the Commonwealth's evidence to support the court's grading of Appellant's Simple Assault offense as a second-degree misdemeanor. Appellant alleges that, given Appellant's and Fryer's history, it is likely that the fight between them took place with mutual consent and, therefore, that the court should have graded this offense as a third-degree misdemeanor. *Anders* Brief at 9-11.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

Appellant challenges the sufficiency of the evidence supporting her conviction of Simple Assault graded as a second-degree misdemeanor. "A person is guilty of assault if [she] . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. §

2701(a)(1).  "Simple [A]ssault is a misdemeanor of the second degree unless committed . . . in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree."  18 Pa.C.S. § 2701(b)(1).

"Section 2701(b)(1) does not require the Commonwealth to disprove that the offending conduct occurred during a mutual fight or scuffle to establish a [S]imple [A]ssault."  **Commonwealth v. Norley**, 55 A.3d 526, 530 (Pa. Super. 2012).  Rather, once the Commonwealth proves that the defendant committed a Simple Assault, the trial court has discretion to grade the offense as a second- or third-degree misdemeanor.  **Id.**

Here, the testimony elicited at trial and set forth **supra**, when considered in the light most favorable to the Commonwealth as the verdict-winner, supports the trial court's conclusion that Appellant committed the offense of Simple Assault as a second-degree misdemeanor.  Moreover, the Commonwealth was not required to introduce evidence to disprove Appellant's allegation that Appellant and Fryer were involved in a mutual fight, and the court did not abuse its discretion in grading the offense as a second-degree misdemeanor.

Accordingly, we agree with counsel and conclude that the issue raised in the **Anders** Brief is wholly frivolous.  Furthermore, our independent review of the record, conducted in accordance with **Yorgey**, **supra**, confirms counsel's assertion that Appellant cannot raise any non-frivolous issues in this appeal.  Thus, we grant counsel's Application to Withdraw and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Application to Withdraw granted.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/21/18</u>