J-S34034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL NOBLE | : | |
| | : | |
| Appellant | : | No. 48 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 4, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001269-2018

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.:                    **FILED JULY 10, 2019**

Appellant, Paul Noble, appeals from the judgment of sentence of six to twelve months of confinement followed by one year of probation, imposed after his jury trial convictions for the use or possession with intent to use drug paraphernalia ("drug paraphernalia") and possession of a controlled substance ("simple possession").[1]  We affirm.

By information filed on June 8, 2018, Appellant was charged with drug paraphernalia and possession with intent to deliver a controlled substance ("PWID").[2]  During the final jury charge, the trial court *sua sponte* instructed the jury on an additional count, simple possession.  The jury acquitted

_____

[1] 35 P.S. § 780-113(a)(32) and (16), respectively.

[2] *Id.* § 750-113(a)(30).

*   Retired Senior Judge assigned to the Superior Court.

Appellant of PWID but convicted him of drug paraphernalia and simple possession. Following the denial of post-sentence motions on December 14, 2018, Appellant filed this timely direct appeal on January 4, 2019.

Appellant presents the following issue for our review:

Whether the trial court abused its discretion and/or committed reversible error where it sua sponte and over defense objection, instructed the jury as to a charge not included in the criminal complaint?

Appellant's Brief at 3.

Appellant's claim that the trial court erred by *sua sponte* instructing the jury on simple possession when Appellant was already charged with PWID is contrary to our case law. In **Commonwealth v. Davis**, 480 A.2d 1035, 1044 (Pa. Super. 1984), the appellant was also charged with PWID,[3] and the trial court *sua sponte* instructed the jury on simple possession.[4] In order to establish PWID, "the Commonwealth was required to first show possession and then that such possession was with the intent to deliver to another." **Id.** This Court thus concluded that the trial court "was not only permitted to charge" on the "lesser charge" of simple possession,[5] it "was required to" do

_____

[3] Despite the age of **Davis**, the statutory definition of PWID has not changed in the interim. **Compare** 480 A.2d at 1044 n.8, **with** 35 P.S. § 780-113(a)(30) (effective April 7, 2014 to present).

[4] The statutory definition of simple possession has likewise not changed. **Compare Davis**, 480 A.2d at 1043-44 n.7, **with** 35 P.S. § 780-113(a)(16) (effective April 7, 2014 to present).

[5] This Court has more recently continued to find that "the crime of simple possession is a lesser-included offense of . . . possession with the intent to

so. *Id.* at 1044 & n.9; *see also Commonwealth v. Hawkins*, 614 A.2d 1198, 1200 (Pa. Super. 1992) ("trial court must charge on a lesser included offense if there is some disputed evidence concerning an element of the greater charge or if the undisputed evidence is capable of more than one rational inference"; in the current appeal, the disputed evidence was whether Appellant intended to deliver drugs or possessed them for personal use).[6] "Therefore, no error was committed in the court's *sua sponte* addition of the simple possession charge." *Davis*, 480 A.2d at 1044. Hence, pursuant to *Davis*, *id.* at 1044, the trial court in the current action was not only permitted to instruct the jury *sua sponte* on simple possession, it was required to do so.[7]

Judgment of sentence affirmed.

---

deliver a controlled substance[.]" *Commonwealth v. DeLong*, 879 A.2d 234, 237 n.2 (Pa. Super. 2005).

[6] In *Davis*, the jury convicted the appellant of PWID, not simple possession. 480 A.2d at 1038. This Court explained, "Since the jury nonetheless convicted appellant of the greater charge he clearly suffered no actual prejudice." *Id.* at 1044 n.9. Although, in the current case, Appellant was convicted of the lesser charge, Appellant makes no claim of prejudice in his brief to this Court. *See* Appellant's Brief at 8-11.

[7] We note that Appellant's reliance on *Commonwealth v. Fleck*, 539 A.2d 1331 (Pa. Super. 1988), is misplaced, *see* Appellant's Brief at 9-10, because (1) in *Fleck*, the trial court *sua sponte* charged that the jury could find the defendant guilty of third-degree simple assault ("SA") if it found mutual consent to fight, even though the defendant had only been charged with second-degree SA, and *Fleck* does not concern possession and PWID; and (2) *Commonwealth v. Norley*, 55 A.3d 526, 530 (Pa. Super. 2012), held *Fleck* "has no continuing vitality" in light of *Commonwealth v. Fedorek,* 946 A.2d 93 (Pa. 2008), and *Commonwealth v. Bavusa*, 832 A.2d 1042 (Pa. 2003).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/10/2019