J-S73007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES JOSEPH DICKSON, JR. :
:
Appellant : No. 1099 MDA 2019

Appeal from the Judgment of Sentence Entered June 27, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003918-2018

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED MARCH 17, 2020

Appellant, James Joseph Dickson, Jr., appeals from the judgment of

sentence entered following his conviction of person not to possess, use,

control, sell, transfer, or manufacture a firearm.[1] We affirm.

The trial court summarized the factual history of this case as follows:

On April 26, 2018, the York County Drug Task Force utilized
a Confidential Informant "CI." Based on information the CI
provided, the Drug Task Force believed that a transaction for the
sale of a firearm was going to take place in York City.[2] The CI
was given $500 as buy money.[4] Detective [Adam] Bruckhart of
the York County Drug Task Force set up several surveillance units
along West Philadelphia Street, where they believed the
transaction was going to take place. Detective [Russell] Schauer

_____

[1] 18 Pa.C.S. § 6105(a)(1).

[2] The officers were working with the CI and prior to the anticipated transaction,
had the CI call an individual to arrange for the transaction. N.T., 5/16/19, at
74-76. Detective Bruckhart was present when the CI made the call and heard
both sides of the conversation. Id. at 74.

of the York County Drug Task Force was with the CI as an undercover officer.

> [4] Buy money is money that comes from York County; the serial numbers of the money are recorded. The money is used to purchase contraband or illegal items.

> Detective Schauer[3] and the CI arrived in a parking lot on West Philadelphia Street. Detective Bruckhart saw [Appellant] exit 719 West Philadelphia Street and walk through a breezeway. Detective Matthew [Irvin] of the York County Drug Task Force was also present doing surveillance of the transaction. Both Detective [Irvin] and Detective Schauer saw [Appellant] walk through a breezeway and meet with the CI.[4] [Appellant] then returned to 719 West Philadelphia Street and subsequently reemerged with a blue duffle bag on rollers with a trash bag protruding from the top. Both Detective [Irvin] and Detective Schauer saw [Appellant] walk back through the breezeway carrying a bag. Both Detectives saw [Appellant] give the CI the bag. Detective [Irvin] attempted to photograph the exchange; however, because he was attempting to remain inconspicuous he was unable to capture a photograph of [Appellant] with the bag. Detective Schauer inspected the contents of the bag and then gave the CI the buy money. Detective Schauer then watched the CI give [Appellant] the buy money. When Detective Bruckhart saw [Appellant] emerge from the breezeway the second time he no longer had the rolling duffle bag in his possession.

> When Detective Bruckhart returned to the Drug Task Force Office he met with the CI. The CI no longer had the buy money [but had the rolling duffle bag and its contents]. Detective Schauer turned over [to Detective Bruckhart the rolling duffle bag] that was previously in the possession of [Appellant]. The bag contained a black, soft rifle case, a Mossberg AR .22 rifle, and a

_____

[3] Detective Schauer remained with the CI throughout the transaction in an undercover capacity. N.T., 5/16/19, at 81, 115.

[4] Detective Bruckhart was conducting surveillance and had a clear and unobstructed view of 719 West Philadelphia Street. N.T., 5/16/19, at 81. When Appellant exited 719 West Philadelphia Street, walked through the breezeway, and first met with the CI, Appellant had nothing in his hands. Id. at 82-83.

magazine for the rifle. Detective Bruckhart did not dust any of the items for fingerprints because Detective [Irvin] and Detective Schauer observed [Appellant] carrying them. At the time of trial, Detective Bruckhart, Detective Schauer, and Detective [Irvin] all identified [Appellant] as the person who had possession of the bag that contained the rifle and who had exchanged the bag for the buy money from the Confidential Informant.

Trial Court Opinion, 8/5/19, at 1-4 (internal citations and some footnotes omitted).

As a result of these events, Appellant was arrested and charged with one count of person not to possess, use, manufacture, control, sell or transfer firearms. A jury trial was held on May 16, 2019, and at the conclusion of trial, Appellant was convicted of the single charge. On June 27, 2019, Appellant was sentenced to five to ten years of imprisonment. Appellant filed a notice of appeal on July 3, 2019. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Whether the evidence was sufficient to convict the Appellant of 18 Pa.C.S.A. §6105(A)(1) in that there was no photographic evidence, DNA or fingerprint connecting the Appellant to the alleged offense." Appellant's Brief at 4 (full capitalization omitted). Specifically, Appellant argues that the Commonwealth did not prove beyond a reasonable doubt that Appellant possessed the firearm.[5] Id. at 10.

The standard for evaluating sufficiency claims is as follows:

_____

[5] Appellant stipulated to the fact that he was a person not to possess a firearm due to his criminal history. N.T., 5/16/19, at 11.

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

Commonwealth v. Norley, 55 A.3d 526, 531 (Pa. Super. 2012) (internal citations and quotation marks omitted).

To sustain a conviction for the crime of persons not to possess a firearm, the Commonwealth must prove that "[the a]ppellant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm."[6] Commonwealth

_____

[6] We note that the trial court erroneously stated that establishing the firearm was in operable condition was an element of this crime. Trial Court Opinion, 8/5/19, at 7. This Court has stated this is not an element necessary for conviction of this offense. See Commonwealth v. Batty, 169 A.3d 70, 77

- 4 -

v. Miklos, 159 A.3d 962, 967 (Pa. Super. 2017) (quoting Commonwealth v. Thomas, 988 A.2d 669, 670 (Pa. Super. 2009)). The term "firearm" is defined in that section as any weapon that is "designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105(i).

> This Court has held that possession can be found by proving actual possession, constructive possession, or joint constructive possession. Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

Commonwealth v. Parrish, 191 A.3d 31, 36 (Pa. Super. 2018) (internal citations and quotation marks omitted).

_____

(Pa. Super. 2017) (the Commonwealth is not required to prove that the firearm was "operable" in order to convict a defendant of possession of a firearm prohibited.) Despite this misstatement, the trial court's analysis appropriately and accurately addresses Appellant's claim. Moreover, Appellant did not challenge his conviction on the basis of the weapon not being operable, but even if he had done so, as noted, such element is not necessary to the conviction.

In the case sub judice, the trial court provided the following analysis in addressing Appellant's claim:

> When viewed in the light most favorable to the Commonwealth as the verdict winner, this [c]ourt finds there was sufficient evidence for the jury to find Appellant guilty of Person Not to Possess beyond a reasonable doubt. . . .
>
> Both the Commonwealth and the Defense stipulated to the fact that Appellant is prohibited from possessing, using, controlling, selling, transferring, or manufacturing a firearm. Both the Commonwealth and the Defense stipulated to the fact that the firearm is in operable condition. Based on the evidence and testimony, there was sufficient evidence for the jury to conclude that Appellant did possess, use, control, sell, transfer, or manufacture a firearm.
>
> A person possesses a firearm when they have the intent to control and the power to control the firearm. As the Factual Background in this opinion shows, Detectives Bruckhart, Schauer, and [Irvin] saw [Appellant] in possession of a bag that contained an AR .22 rifle. There was sufficient evidence to find that [Appellant] possessed a firearm. A person sells a firearm when they exchange the firearm for something of value. Detective Bruckhart gave the CI $500. The CI gave [Appellant] $500 in exchange for the firearm. There was sufficient evidence to find that [Appellant] sold the firearm to the CI. The jury was free to determine the credibility of the witnesses, including the testimony from all three of the Detectives. There is no law that says that there must be photographic evidence, DNA or fingerprints in order to find a person guilty of a crime. We find that there was sufficient evidence for the jury to find Appellant guilty of Person Not to Possess, Use, Control, Sell, Transfer, or Manufacture a Firearm.

Trial Court Opinion, 8/5/19, at 6-8 (internal footnotes omitted).

We agree. Viewing the totality of circumstances in the light most favorable to the Commonwealth, the evidence was more than sufficient to support the conclusion that Appellant possessed and then sold the firearm to the CI. Detective Schauer observed the entire transaction while

accompanying the CI. N.T., 5/16/19, at 81, 115. Detectives Bruckhart and Irvin also observed Appellant in possession of the firearm prior to the sale to the CI. Id. at 84-85, 103. As the trial court noted, and contrary to Appellant's assertions, there was no requirement that there be DNA or photographic evidence identifying Appellant as having possessed the firearm. As our Supreme Court has stated:

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

Commonwealth v. Ratsamy, 934 A.2d 1233, 1235-1236 (Pa. 2007) (internal citations and some quotation marks omitted). Herein, the Commonwealth's evidence was sufficient to support Appellant's conviction. Thus, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2020

- 7 -