**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN BALDWIN | : | |
| | : | |
| Appellant | : | No. 1167 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 21, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006077-2020

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 3, 2022**

Appellant, Sean Baldwin, appeals from the judgment of sentence entered on April 21, 2021, after the trial court convicted him of Simple Assault.[1] Appellant filed a post-sentence motion contesting the weight of the evidence. The trial court denied the motion and Appellant challenges this denial on appeal. After careful review, we affirm.

Appellant's non-jury trial occurred on April 21, 2021. The victim ("Victim") testified on behalf of the Commonwealth. She explained that on February 17, 2020, she and Appellant ended their romantic relationship. Appellant thereafter attempted to leave their shared apartment with Victim's keys. Victim stood in Appellant's way, with her cellphone in hand to record the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1).

incident. Appellant grabbed Victim's phone out of her hand and threw it across the room. When Victim attempted to retrieve her phone, Appellant grabbed her, threw her onto the couch, and choked her to unconsciousness. Appellant then left the residence. Victim immediately reported the incident to the police. Victim also took pictures of her neck within minutes of the incident. The Commonwealth entered those pictures into evidence.

Pittsburgh Police Sergeant Robert Monticelli testified that he responded to Victim's call. At the scene, he observed that Victim "had redness and bruising to her neck and right arm."[2]

Appellant also testified at trial. He asserted that he did not assault Victim at any point. Instead, Appellant testified that Victim "pushed me and proceeded to hold me against my will to prevent me from getting to the door."[3] He alleged that Victim "held me from the back and pulled me from my stomach" but that he "escaped from her possession and opened the door to allow [him] to run out" without making any physical contact with Victim.[4]

At the conclusion of trial, the court convicted Appellant of Simple Assault. Appellant elected to proceed immediately to sentencing, where the court downgraded Appellant's conviction from a second-degree misdemeanor

---

[2] N.T. Trial, 4/21/21, at 32.

[3] *Id.* at 37.

[4] *Id.* at 37-38.

to a third-degree misdemeanor based on its finding that the conflict between Victim and Appellant was mutual.[5] The court sentenced Appellant to three months' probation.

Appellant timely filed a post-sentence motion challenging, *inter alia*, the weight of the evidence underlying his conviction. The court denied Appellant's motion and he timely filed a Notice of Appeal.

In this appeal, Appellant assails the trial court's denial of his post-sentence challenge to the weight of the evidence supporting his Simple Assault conviction.[6] Appellant's Br. at 4. He argues that the court should have placed greater weight on his testimony that Victim assaulted him. *Id.* at 12-16. Had the court done so, it would have found him not guilty of Simple Assault. *Id.* at 16.[7]

---

[5] "Simple assault is a misdemeanor of the second degree unless committed[] in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree[.] 18 Pa.C.S. § 2701(b)(1).

[6] The court convicted Appellant of Simple Assault under Section 2701(a)(1) of the Crimes Code. Under that section, "a person is guilty of assault if he[] attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). Appellant's weight challenge inherently concedes that sufficient evidence exists to sustain the verdict. *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014).

[7] Appellant devotes a significant portion of his brief to arguing that "the testimony adduced at the non-jury trial did not support the trial court's ultimate finding that [Appellant] entered the scuffle at issue by mutual consent. [As a result, Appellant's] conviction for Simple Assault must be reversed[.]" Appellant's Br. at 16. Mutual consent, however, is not an element of Simple Assault, and "the Commonwealth had no burden to establish that a mutual fight or scuffle occurred in order to establish [Simple Assault]."

Appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion. *Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015). To prevail, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court. *Id.* at 546 (citation omitted). Resolving contradictory testimony and questions of credibility are matters solely for the finder of fact. *Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa. Super. 2019). As a result, an appellate court will not substitute its assessment of credibility for that of the finder of fact. *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa. Super. 2009).

The trial court explained that it denied Appellant's weight challenge based on its assessment of Victim's and Appellant's "diametrically opposed" trial testimony. Trial Ct. Op., 11/19/21, at 6. It explained that it credited Victim's version of events because it found Victim credible, and the photographs of Victim's injuries supported her version of events. *Id.* The court discredited Appellant's testimony particularly because "it offered no explanation for the injuries that were sustained to [Victim's] neck." *Id.* The court concluded: "After considering all of the evidence, there are no facts that

_____

*Commonwealth v. Norley*, 55 A.3d 526, 531 (Pa. Super. 2012). Rather, a finding of mutual consent is relevant only to the grading of the offense, which Appellant has not challenged. Moreover, we note the court's conclusion of mutual consent inured to Appellant's benefit as he was sentenced to the lowest grade of Simple Assault. We, thus, focus on Appellant's broader argument that the weight of the evidence established that he did not commit Simple Assault.

were entitled to greater weight than they were given. As such, [Appellant's] weight of the evidence claims [] fail[s]." ***Id.***

Appellant explicitly asks us to reassess the trial court's credibility findings and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record indicates that the evidence supporting the verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. We discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/3/2022